IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA


| UNITED STATES | ) | |
|---|---|---|
| | ) | CR 99-15 |
| v. | ) | CV 16-527 |
| RICKEY WATERS | | |


**OPINION AND ORDER**

**SYNOPSIS**

In this action, Defendant pleaded guilty to violating 21 U.S.C. § 846. On December 10, 1999, he was sentenced to a term of imprisonment of 262 months, followed by a term of supervised release. His sentence was based, in part, on the career offender provisions of the then-mandatory Sentencing Guidelines.[1] On April 28, 2016, Defendant filed a Motion to Vacate pursuant to 28 U.S.C. § 2255. For the following reasons, Defendant's Motion will be denied as untimely.

**OPINION**

**I.    APPLICABLE STANDARDS**

Relief is available under Section 2255 only under exceptional circumstances, when the claimed errors of law are "a fundamental defect which inherently results in a complete miscarriage of justice," or "an omission inconsistent with the rudimentary demands of fair procedure." Hill v. United States, 368 U.S. 424, 428, 82 S. Ct. 468, 7 L. Ed. 2d 417 (1962). A district court need not hold an evidentiary hearing on a Section 2255 motion if the motion, files,

---

[1] Defendant was sentenced before United States v. Booker, 543 U.S. 220 (2005) rendered the Guidelines advisory. Judge Ziegler, and then Judge Schwab, presided over this matter before it was transferred to my docket on April 28, 2016.

1

and records show conclusively that the defendant is not entitled to relief. United States v. Ritter, 93 Fed. Appx. 402 (3d Cir. 2004). In this case, a hearing is unnecessary, and the Motion will be disposed of on the record.

## II. DEFENDANT'S MOTION

Initially, Defendant argued that his prior convictions could have qualified only under the residual clause of U.S.S.G. § 4B1.2, and thus were invalid pursuant to Johnson v. United States, 135 S. Ct. 2551 (2015). Defendant relied on United States v. Townsend, 638 F. App'x 172 (3d Cir. 2015), which has since been undermined by Beckles v. United States, 137 S. Ct. 886, 892 (2017). After Beckles, Defendant sought and received leave to supplement his Section 2255 Motion, and has done so.

Presently, he suggests that Beckles, in holding that the advisory Guidelines are not subject to a vagueness challenge, left his mandatory Guidelines sentence vulnerable to attack via Johnson. Indeed, whether pre-Booker sentences are subject to such challenge was "not presented by" Beckles; the majority decision in Beckles "at least leaves [that question] open." Beckles, 137 S. Ct. at 902 n. 4 (Ginsburg, J., concurring), 903 n. 4 (Sotomayor, J., concurring).

### A. Timeliness

This Court cannot delve into the merits until it disposes of the Government's threshold challenge to the timeliness of Defendant's Motion. The parties acknowledge that the Motion is timely only if it complies with 28 U.S.C. § 2255(f)(3), which provides that the one-year limitation period may run from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."

As the Court of Appeals for the Fourth Circuit observed, "[i]f the Supreme Court left open the question of whether Petitioner's asserted right exists, the Supreme Court has not 'recognized' that right." United States v. Brown, 868 F.3d 297 (4th Cir. 2017); see also Raybon v. United States, 867 F.3d 625, 630 (6th Cir. 2017). Therefore, for those sentenced under the mandatory Guidelines, Johnson does not trigger the operation of Section 2255(f)(3). See, e.g., Westrich v. United States, No. 16-17196, 2017 U.S. App. LEXIS 8165, at **6-7 (11th Cir. Apr. 26, 2017); United States v. Kenney, No. 92-22, 2017 U.S. Dist. LEXIS 134366, at *8 (M.D. Pa. Aug. 22, 2017); United States v. Green, No. 4:01-CR-0397, 2017 U.S. Dist. LEXIS 129812, at *4 (M.D. Pa. Aug. 15, 2017); Davis v. United States, No. 16-747, 2017 U.S. Dist. LEXIS 113898, at *12 (E.D. Wis. July 21, 2017) (collecting cases); United States v. Beraldo, No. 3-511, 2017 U.S. Dist. LEXIS 104050, at *4 (D. Or. July 5, 2017) (collecting cases). Although the consensus is not unbroken, see United States v. Roy, No. 00-40013, 2017 U.S. Dist. LEXIS 169425, at **14-15 (D. Mass. Oct. 13, 2017),[2] the weight of persuasive authority indicates the appropriate outcome here. Defendant's Motion will be deemed untimely.

### B. In re Hoffner

The recent appearance of In re Hoffner, No. 15-2883, 2017 U.S. App. LEXIS 17284 (3d Cir. Sep. 7, 2017), does not affect the timeliness analysis. In Hoffner, our Court of Appeals considered whether to certify a second or successive Section 2255 motion filed by a defendant who had been sentenced as a career offender under the mandatory Guidelines. Id. at *2. The

---

[2] Roy followed Moore v. United States, 871 F. 3d 72 (1st Cir. 2017). Moore considered the standards applicable to a second or successive petition, much like In re Hoffner, No. 15-2883, 2017 U.S. App. LEXIS 17284 (3d Cir. Sep. 7, 2017). The Moore Court granted defendant certification "to argue in the district court that the new rule created by Johnson [] invalidates the residual clause of the career offender guideline [pre-Booker]." Moore, 871 F. 3d at 74. The court emphasized that the prima facie showing required at the certification stage is "merely 'a sufficient showing of possible merit to warrant a further exploration by the district court,'" and does not involve a decision "for certain whether the petition has merit." Id. at 78. The court was not "sufficiently convinced" that post-Booker challenges to mandatory Guidelines sentences are outside of the statute of limitations; it left that question for the district court. Id. at 82-84.

3

Court considered 28 U.S.C. § 2255(h)(2), under which the Court may certify a motion that "contain[s]…a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." "Contain[s]," as used in this Section, has been interpreted as equivalent to "relies on." Id. at *10 n. 9. The Court further indicated that whether a defendant "relies on" a qualifying rule entails a "permissive and flexible approach." Id. at **10-14. In so doing, the Court stated that a "prima facie showing" involves only a "'sufficient showing' that the petitioner has satisfied the pre-filing requirements 'to warrant a fuller exploration by the district court.'" Id. at *12. Applying these standards, our Court of Appeals assessed the narrow gatekeeping question of whether defendant made the prima facie showing required to file a second or successive habeas petition under 28 U.S.C. § 2244(b)(3)(C), and not the merits of "whether [defendant] has a meritorious vagueness claim under Johnson." Id. at *1, *12.

Moreover, in Hoffner, the Court of Appeals observed that following certification, the district court "will have the opportunity to determine anew … whether the petitioner has 'show[n] that the claim satisfies the requirements of [Section 2244]." Id. at *14 (emphasis added). Section 2244 itself provides that if a successive habeas petition is authorized by the Court of Appeals, "[a] district court shall dismiss any claim presented…unless the applicant shows that the claim satisfies the requirements of [Section 2244]." 28 U.S.C. § 2244(b)(4). In turn, Section 2244 also requires that an asserted claim rely on a new rule of constitutional law. Id. at § 2244(b)(2)(A). Accordingly, the Hoffner Court further stated that it is for the district court to decide "'whether the invoked new rule should ultimately be extended in the way that the movant proposes' or whether his 'reliance is misplaced.'" Id. at *16. In sum, the Court of

4

Appeals clearly stated that it was "not evaluating [defendant's] claim on the merits." Hoffner, 2017 U.S. App. LEXIS 17284, at *9 n. 7.

Both Hoffner and Section 2244 make clear that the certification of a second or successive petition raising a Johnson challenge to a mandatory Guidelines sentence does not relieve this Court of either the ability or responsibility to consider procedural barriers to Defendant's Motion. In the first instance, the timeliness of Defendant's Motion does not depend on the flexible, permissive prima facie showing that was intrinsic to the Hoffner decision; as certification of a successive petition is not at issue here, Hoffner is of limited utility. Indeed, it has been noted that appellate certification decisions "provide little guidance" to a district court considering the timeliness of an initial Section 2255 petition, because a second or successive petition has a "relatively easy bar to clear." United States v. Colasanti, No. 6:96- 60132, 2017 U.S. Dist. LEXIS 157229, at *9 n.3 (D. Or. Sep. 26, 2017).

While the present Defendant here might successfully "rely" on Johnson under the flexible and permissive standards applicable to a prima facie case for appellate certification, that reliance is misplaced in the context of the timeliness inquiry at bar. This Court will follow the majority of courts determining that a challenge to a Guidelines sentence cannot rest on Johnson; the new rule invoked – in this case, in order to save a late filing – cannot be extended in the way that Defendant proposes. Hoffner does not mandate a contrary conclusion.

### III. CERTIFICATE OF APPEALABILITY

Under 28 U.S.C.§ 2253(c)(2), a "certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right." When a habeas petition is denied without reaching the underlying constitutional claim, a certificate of appealability should issue when the petitioner shows, at least, that jurists of reason would find it

debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the procedural ruling was correct. Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Whether Johnson recognized that right within the meaning of Section 2255(f)(3) presents an unusually close question.[3] The United States Court of Appeals for the Fourth Circuit has opined that Beckles can be read as simply rejecting Johnson's application to the advisory Guidelines because they do not fix sentences. Moore, 871 F. 3d at 83. Thus, the Court stated, Beckles left open "a question of statutory interpretation concerning how mandatory the [Sentencing Reform Act] made the guidelines before Booker." Id. It then concluded that "[o]n this framing," a Johnson challenge to a mandatory Guidelines sentence "is exactly the right recognized by Johnson[]." Id. In light of the still-developing law in this area, and the fact that jurists of reason have reached conclusions potentially inconsistent with the one that I reach today, a certificate of appealability is warranted.

---

[3] In United States v. Kenney, No. 1:92-CR-22, 2017 U.S. Dist. LEXIS 134366, at *10 (M.D. Pa. Aug. 22, 2017), the court issued a certificate of appealability. It did so on grounds that "although the Supreme Court has not announced a new right to challenge the mandatory Guidelines as void for vagueness," reasonable jurists could debate whether, in light of Beckles and Johnson, a "new right exists" vis-à-vis the mandatory Guidelines. Id. at **9-10. The substantive question of whether a mandatory Guidelines sentence should be subject to a vagueness challenge presents a separate question than today's procedural ruling. Today's procedural ruling rests, instead, on whether a Supreme Court decision issued within one year prior to Defendant's Motion "newly recognized" such a "right" for purposes of Section 2255(f)(3). See United States v. Blair, No. 1:01-CR-297, 2017 U.S. Dist. LEXIS 193786, at *12 (M.D. Pa. Nov. 14, 2017) (stating that Johnson did not establish such a right, but Beckles left open whether such a right exists).

## CONCLUSION

In sum, Defendant's Motion will be denied as untimely on grounds that <u>Johnson</u> did not trigger the provisions of Section 2255(f)(3) for Defendant's challenge to his mandatory Guideline sentence. A certificate of appealability shall issue. An appropriate Order follows.

BY THE COURT:

/s/Donetta W. Ambrose

_____

Donetta W. Ambrose

Senior Judge, U.S. District Court

Dated: January 4, 2018

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES | ) | |
| | ) | CR 99-15 |
| v. | ) | CV 16-527 |
| RICKEY WATERS | | |

## ORDER

AND NOW, this 4th day of January, 2018, it is hereby ORDERED, ADJUDGED, and DECREED that Defendant's Motion pursuant to 28 U.S.C. § 2255 is DENIED. A certificate of appealability shall issue.

BY THE COURT:

/s/Donetta W. Ambrose

Donetta W. Ambrose
Senior Judge, U.S. District Court